**Debra A. VODA, Plaintiff,**

v.

**NEW ENGLAND TELEPHONE AND TELEGRAPH CO., Defendant.**

**Civ. A. No. 83–0064–N.**

United States District Court,
D. Massachusetts.

Feb. 29, 1984.

---

Anthony R. Bott, Bianchi & Paquin, Hyannis, Mass., for plaintiff.

William J. McDonald, William R. Blane, New England Telephone Co., Boston, Mass., for defendant.

## ORDER

DAVID S. NELSON, District Judge.

Plaintiff Debra Voda appeals from a Magistrate's Report and Recommendation allowing defendant, New England Telephone and Telegraph Company's (NET) motion to dismiss. Ms. Voda originally commenced this action in the Superior Court of Barnstable County on December 16, 1982. The complaint alleged wrongful termination of plaintiff's employment with NET. The facts which gave rise to the alleged wrongful termination have been set out in sufficient detail in the Magistrate's Report and in the parties' briefs. Upon removing the action to federal court, NET moved to dismiss the complaint for failure to state a claim upon which relief can be granted.

At the time of the alleged wrongful termination, Ms. Voda was a member of the Traffic Bargaining Unit represented by the International Brotherhood of Electrical Workers (Union). The Union and NET have a collective bargaining agreement, which was effective at the time plaintiff was terminated, and which governed the terms and conditions of employment. The Magistrate recommended allowing NET's motion because, in her view, the complaint failed to allege either exhaustion of remedies under the collective bargaining agreement,[1] or a breach of the Union's duty of fair representation, with such breach having prevented exhaustion of the contractual remedies. As I agree with the Magistrate's analysis in this regard, and also because I believe that this action is time-barred, the Magistrate's Report and Recommendation is hereby ADOPTED and the complaint is DISMISSED.

Ms. Voda objects to the recommendation on the grounds that her amended complaint alleges that after complaining about her discharge to her immediate supervisor without a satisfactory response, she sent a registered letter of complaint to the Union. Such action on her part, plaintiff argues, is sufficient to establish a good faith attempt to exhaust the grievance procedures. That good faith attempt was thwarted, the argument continues, when the Union "did not conscientiously handle the plaintiff's complaint to it." (Complaint, as amended, at ¶ 13E).

The Magistrate correctly stated the rule that the prerequisite to an employee's suit in federal court against his employer for breach of a collective bargaining agreement is exhaustion of all grievance or arbitration procedures provided in the agreement. *Hayes v. New England Mill-*

---

1. Article 8 of the Agreement provides a three-step grievance procedure for employee complaints. Prior to instituting the grievance procedure, the employee must first consult with his immediate supervisor. If they cannot resolve the complaint, the employee must then turn to the Union which begins the three-step grievance procedure with the Company. The first step consists of three separate presentations by a union representative: first, to the immediate supervisor, next, to the second line supervisor, and finally, to the district level supervisor. If the Union cannot adjust the employee's grievance with any of these company representatives, its second step is to approach the division level within the Company. If no satisfactory resolution is reached there, the third and final step in the procedure is for the Union to present the appeal to the chairman of the Company's bargaining committee. Upon completion of this grievance procedure, Article 9 of the agreement provides an arbitration procedure which specifies that if the discharge is found to be without just cause, the employee shall be reinstated.

*work,* 602 F.2d 15,18 (1st Cir.1979). An exception to the exhaustion requirement is available when the employee alleges that the union representing him acted in a "discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *DelCostello v. Intl. Brotherhood of Teamsters et al.,* — U.S. —, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In the instant case, the minimal efforts Ms. Voda made did not amount to a bona fide attempt to exhaust her contractual remedies. "The employer's exhaustion defense and the employee's contractual obligation to grieve and arbitrate both contemplate a persistent attempt to fully exhaust the available dispute-resolution procedures established by the bargaining agreement." *Robbins v. George W. Prescott Publishing Co. et al.,* 457 F.Supp. 915, 920 (1978). Moreover, plaintiff has failed to allege any facts which indicate bad faith, discrimination, or arbitrariness on the part of the Union in handling her grievance. She seems to have had no justification for her failure to exhaust the contractual remedies. Thus, her complaint must be dismissed.

■ After taking Ms. Voda's objections under advisement, the Court requested briefing on the applicability of the recent Supreme Court decision in *DelCostello v. Intl. Brotherhood of Teamsters et al.,* — U.S. —, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), to this case. Defendant raised the *DelCostello* issue in hearings before the Magistrate, but the issue did not form a basis for the Magistrate's decision. *DelCostello* held that the six-month limitations period of 29 U.S.C. § 160(b) applied to an employee's suit against his employer for breach of the collective bargaining agreement, and his suit against his Union for breach of its duty of fair representation. A review of the file indicates that the last and final adjudication of plaintiff's grievance occurred in January, 1981, more than six months prior to plaintiff commencing this action in Superior Court on December 16, 1982. Inasmuch as the *DelCostello* ruling may be applied retroactively in these circumstances, *see Kilgore v. Penn Truck Aids, Inc.,* C.A. No. 81–960–N (Sept. 8, 1983), and *Scaglione v. Communications Workers of America,* C.A. No. 79–1044–Z (Nov. 18, 1983), I rule that this action is time-barred.

Plaintiff attempts to escape the six-month limitations period by characterizing her cause of action as one in tort, so that the longer state law limitations period would apply. I am not persuaded by this argument since the complaint, in substance, alleges facts which make it obvious that the case arises under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). Count I alleges that plaintiff's discharge was wrongful because it was in bad faith and without just cause; Count II alleges that the discharge was wrongful in that it constituted interference with plaintiff's contractual relations with NET; Count III alleges that the defendant employer through its "employee, agent, and servant" made "false, deceitful, and malicious statements" which resulted in plaintiff's discharge; Count IV alleges that defendant's conduct inflicted severe emotional distress on plaintiff; and finally, Count V alleges that the discharge deprived plaintiff of her property and rights without administrative and due process of law in violation of Part I, Articles I and X of the Massachusetts Constitution.

The event that initiated the present action was Ms. Voda's discharge by NET. Although she attempts to fashion five separate causes of action, plaintiff's dispute with defendant is solely with respect to the alleged wrongfulness of her discharge. Such a charge of unfair treatment is cognizable under the collective bargaining agreement. Accordingly, it arises under § 301 and is, unfortunately, time-barred.

Inasmuch as I have determined that plaintiff's claims under § 301 lack sufficient substance to confer jurisdiction on this Court, and are time-barred as well, plaintiff's pendent state claims must also be dismissed. *See Robbins v. George W. Prescott Publishing Co. et al., supra; Melanson v. John J. Duane Co., Inc.,* 507 F.Supp. 238 (1980).

The Complaint in this action is hereby DISMISSED.

SO ORDERED.