**Donald BELL**

v.

**UNION CARBIDE CORPORATION.**

No. CIV. 3-84-120.

United States District Court,
E.D. Tennessee, N.D.

March 26, 1984.

Billy P. Sams, Oak Ridge, Tenn., for plaintiff.

E.H. Rayson, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

In this cause of action, plaintiff alleges that defendant engaged in a campaign to force him to quit his job, which conduct constituted intentional infliction of emotional distress and deprivation of contractual rights. This case was removed from state court by defendant and jurisdiction is based on 28 U.S.C. §§ 1331 and 1332. The case is now before the Court on defendant's motion for summary judgment.

Plaintiff was employed by Union Carbide Corporation (hereafter defendant or the Company) under a collective bargaining agreement. The collective bargaining agreement provides for the final and binding resolution of employee grievances including grievances relating to termination of employment. Plaintiff resigned from his employment effective January 18, 1983. Plaintiff says he resigned because of pressure by defendant. He says that he was severely depressed in 1982 and was forced to be absent from work for treatment. He says that during this period defendant's personnel called his doctors and told them they should find plaintiff fit to return to work. Plaintiff says these acts of defendant placed intense emotional pressure on him, and, acting under this strain, he told defendant he would quit. He says defendant's personnel brought to his home the contents of his locker and the paperwork necessary to effectuate his voluntary termination. Plaintiff says these acts of defendant violated his contractual rights and constituted outrageous conduct. He seeks reinstatement with full back pay, seniority and vacation rights, compensation for emotional distress, and punitive damages. Prior to the filing of the instant lawsuit, a grievance involving the same acts complained of in this action was filed on plaintiff's behalf. This grievance has been processed through four steps of the grievance procedure and is currently under advisement by defendant.

Defendant says plaintiff's action is subject to federal law pursuant to 29 U.S.C. § 185, which requires either exhaustion of available grievance procedures prior to filing a lawsuit or proof that the union breached its duty of fair representation in processing the grievance. Since plaintiff has neither exhausted grievance procedures nor alleged that the union breached its duty of fair representation, defendant says summary judgment in its favor is appropriate. Plaintiff says that this lawsuit does not involve a contractual dispute under the collective bargaining agreement but is solely an action in tort arising from defendant's actions in forcing his resigna-

tion. He says federal law is not applicable to his tort claim.

Because plaintiff has requested reinstatement and back pay, and because his complaint specifically alleges that defendant's actions were in violation of the collective bargaining agreement, it is clear that plaintiff's complaint involves both a claim for wrongful discharge in violation of the agreement and a claim for intentional infliction of emotional distress. Thus, defendant's motion for summary judgment will be evaluated with regard to each of these claims. A party seeking summary judgment bears the burden of proving there is no genuine issue of material fact and that he is entitled to prevail as a matter of law. The evidence must be viewed in the light most favorable to the non-movant. *National Bank of Detroit v. Shelden*, 730 F.2d 421, at 423 (6th Cir.1984).

■ Because plaintiff's claim for wrongful discharge is based on a breach of a collective bargaining agreement, he is bound by the terms of that agreement. *Vaca v. Sipes*, 386 U.S. 171, 185, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967). The procedure set forth in the agreement is exclusive, and therefore, plaintiff may proceed with a lawsuit only if he either exhausts available remedies under the agreement or alleges and proves breach of the union's duty of fair representation in processing the grievance. *Id.; see Viestenz v. Fleming Companies, Inc.*, 681 F.2d 699, 701 (10th Cir.1982), *cert. den.* 459 U.S. 972, 103 S.Ct. 303, 74 L.Ed.2d 284 (1983). Because plaintiff has done neither, summary judgment in favor of defendant on the claim of wrongful discharge is appropriate. See *Middleton v. Union Carbide Corp.*, Civ. No. 3–83–639, unpublished *slip op.* (E.D.Tenn. Feb. 10, 1984).

■ The issue presented by plaintiff's tort claim is whether federal labor law preempts a tort action by a union member against the company to recover damages for the intentional infliction of emotional distress where the alleged tortious conduct is the basis of a grievance for breach of the collective bargaining agreement. Resolu-

tion of this issue requires a review of the doctrine of pre-emption. The doctrine of pre-emption, first recognized in *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), is based on the presumed congressional goal of a uniform national labor policy. *Motor Coach Employees v. Lockridge*, 403 U.S. 274, 309, 91 S.Ct. 1909, 1929, 29 L.Ed.2d 473 (1971). The doctrine pre-empts union member actions based on state law where the challenged conduct is arguably protected or prohibited by section 7 or section 8 of the National Labor Relations Act [NLRA]. *Garmon*, 359 U.S. at 244, 79 S.Ct. at 779. (Section 7 protects the rights of employees to self-organize and section 8 prohibits unfair labor practices. 29 U.S.C. §§ 157–158). Thus, the Court has held that the National Labor Relations Board [Board] has exclusive jurisdiction of such actions. *Id.* at 244–245, 79 S.Ct. at 779–780. Exceptions to the doctrine are recognized and the doctrine is not to be applied rigidly. *Farmer v. United Brotherhood of Carpenters & Joiners of America*, 430 U.S. 290, 296–297, 302, 97 S.Ct. 1056, 1061–1062, 1064, 51 L.Ed.2d 338 (1977).

■ The United States Supreme Court has recently set forth a test to determine whether an exception to the pre-emption rule is appropriate in a particular case. *Farmer v. Carpenters*, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977). First, the state's interest in regulating the conduct must be examined. Second, whether there is a potential for interference with the federal regulatory scheme must be determined. Third, the state's interest must be balanced against the potential for interference with the federal regulatory scheme. *Farmer*, 430 U.S. at 297–298, 97 S.Ct. at 1061–1062. In *Farmer*, plaintiff claimed that defendant union's actions in discriminating against him in referrals for employment constituted intentional infliction of emotional distress. The Court held that the claim was not pre-empted, even though the alleged tortious conduct could form the basis for an unfair labor practice charge. *Id.* at 301–305, 97 S.Ct. at 1064–

1066. The Court found the potential for interference with the federal regulatory scheme minimal since the state court action could be adjudicated without resolution of the merits of the underlying labor dispute and the labor proceeding would focus on whether the conduct was an unfair labor practice and not on whether the conduct was tortious. *Id.* at 304, 97 S.Ct. at 1065. The Court limited the holding to cases where (1) the conduct was outrageous and (2) the emotional distress resulted not from the fact of discharge but from the unfair labor practice itself. *Id.* at 305–306, 97 S.Ct. at 1066. In a subsequent case the Court applied the *Farmer* test to a state action by an employer to enforce state trespass laws against a union picketing on the employer's property and held that the state action was not pre-empted. *Sears, Roebuck & Co. v. San Diego District Council of Carpenters,* 436 U.S. 180, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978). The Court stated that "[t]he critical inquiry . . . is not whether the state is enforcing a law relating specifically to labor relations or one of general application but whether the controversy presented to the state court is identical or different from . . . that which could have been, but was not presented to the Labor Board." *Id.* at 197, 98 S.Ct. at 1757.

■ Unlike *Garmon, Farmer* and *Sears,* this case does not involve conduct which arguably forms the basis for an unfair labor practice charge. *See Adkins v. General Motors Corp.,* 556 F.Supp. 452, 458 (S.D.Ohio 1983), and Annot. 6 A.L.R.Fed. 589 (1971) (breach of collective bargaining agreement in itself generally is not an unfair labor practice). Rather, the alleged conduct forms the basis for a claim for breach of a collective bargaining agreement. Civil suits for breach of a collective bargaining agreement are authorized, even if the breach is also an unfair labor practice within the Board's jurisdiction, provided plaintiff either first exhausts available administrative remedies or alleges breach of the union's duty of fair representation in processing the grievance. 29 U.S.C. § 185(a); *vaca,* 386 U.S. at 185–186, 87 S.Ct. at 914. Thus, this suit presents no danger of interference with the regulatory scheme providing for exclusive jurisdiction by the Board. Therefore, the doctrine of pre-emption and its exceptions, as applied in *Garmon, Farmer,* and *Sears,* is not directly applicable to this case.

However, it has been held that tort suits, based on facts closely connected with a collective bargaining agreement or grievance procedure, such as the one *sub judice,* are pre-empted because of the congressional policy favoring arbitration of disputes under collective bargaining agreements. *Morris v. Owens-Illinois, Inc.,* 544 F.Supp. 752 (S.D.W.Va.1982). The Sixth Circuit Court of Appeals has yet to address this issue. However, this Court finds instructive a Seventh Circuit Court of Appeals decision in which the Honorable Bailey Brown, Senior Circuit Judge for the Sixth Circuit, sitting by designation, joined. *Jackson v. Consolidated Rail Corp.,* 717 F.2d 1045 (7th Cir.1983), *pet. for cert. filed,* 52 U.S.L.W. 3462 (U.S. November 29, 1983) (No. 83–887). In *Jackson,* the Court held that a state tort action for retaliatory discharge was pre-empted by the exclusive arbitration remedy of the Railway Labor Act. *Id.* at 1048. In response to plaintiff's argument that the *Farmer* exception applied, the Court held that because the state tort claim was identical to the claim plaintiff would have made had he pursued the grievance through administrative channels, the potential interference with the regulatory interest was too great to permit an exception to the pre-emption doctrine. *Id.* at 1054. In a footnote the Court noted that it construed *Farmer* to preclude district court jurisdiction over an employee's suit if the facts relevant to that suit would also be critical to disposition of an administrative proceeding under the NLRA. *Id.* at 1056, n. 11.

■ In light of the congressional policy that the grievance procedure provided in the labor contract is the preferred method of settling labor disputes, *see Hines v. Anchor Motor Freight,* 424 U.S. 554, 562, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976), this

Court finds a potential for interference with the *federal regulatory* scheme if plaintiff is allowed to pursue his tort claim. The Court also finds that the state has an interest in regulating the alleged tortious conduct. In this case the factual basis for plaintiff's grievance is the same as the factual basis for his tort claim. [Affidavit of Jerry A. George, p. 2, ¶ 4]. Furthermore, plaintiff's complaint does not differentiate between the alleged acts constituting deprivation of contractual rights and the acts constituting tortious conduct. Thus, the Court concludes that the facts relevant to the state tort claim are critical to the disposition of the grievance proceedings and therefore, the potential for interference with the federal regulatory interest is too great to permit an exception to the preemption doctrine. Furthermore, as previously noted, the Supreme Court limited the *Farmer* exception to cases where the alleged conduct was outrageous and the emotional distress resulted not from the fact of discharge but from the unfair labor practice itself. *Farmer*, 430 U.S. at 305–306, 97 S.Ct. at 1066. It appears to this Court that plaintiff's claim for emotional distress arises primarily from the fact of discharge and not from the alleged intimidating conduct of defendant. It also appears that plaintiff has not alleged conduct which could be found to be sufficiently outrageous to justify the potential for interference with the federal regulatory scheme. *See Viestenz*, 681 F.2d at 704.

Because the Court has found plaintiff's tort claim pre-empted, the Court will not address defendant's alternative ground that plaintiff has failed to state a claim for intentional infliction of emotional distress.

For the foregoing reasons, defendant's motion for summary judgment is granted.

Order Accordingly.