767 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NANCY KAY CURRY, PLAINTIFF-APPELLANT,
v.
GREAT LAKES STEEL DIVISION, ET AL., DEFENDANTS-APPELLEES.
 NO. 83-1075
 United States Court of Appeals, Sixth Circuit.
 6/10/85
 
 E.D.Mich.
 AFFIRMED
 ORDER
 BEFORE: CONTIE and MILBURN, Circuit Judges; and WEICK, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals the orders of the district court granting summary judgment to defendants as to federal claims and preempted state claims in this action for wrongful discharge under Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185, and breach of the union's duty of fair representation, and remanding a pendent state claim to the state court from which it was removed. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed.
 
 
 2
 Plaintiff worked for defendant Great Lakes Steel (Company) in March, 1980, when she went on sick leave on the advice of her personal physician. In April, 1980, the Company had her examined by a Company physician, concluded she was able to work, and ordered her to return to her job. Although she disagreed with that determination, she reported to work in May, 1980, only to be placed on lay-off. On the advice of both Company and Union officials, she applied for and received state unemployment benefits. She suffered a heart attack in June, 1980, however, and was hospitalized for two weeks. Upon being recalled from lay-off in November, 1980, she informed Company officials of her hospitalization and requested light work. The Company thereafter placed her on suspension and eventually discharged her on grounds of (1) a past history of misconduct, and (2) defrauding the State by collecting unemployment benefits after June, 1980, despite her physical inability to work. The Union filed a grievance on her behalf but informed her in January, 1981, that it would not proceed to arbitration.
 
 
 3
 Plaintiff filed a three-count complaint in state court on September 29, 1981. Count 1 asserted a claim for wrongful discharge under the collective bargaining agreement and for breach of the Union's duty of fair representation. Count 2 asserted the Company had defamed plaintiff with its allegation of criminal activity. Count 3 charged both the Company and the Union with intentional infliction of emotional distress by their acts in the events described above. Defendants had the action removed to federal district court pursuant to federal question jurisdiction on the basis of the allegation contained in Count 1.
 
 
 4
 On motion of defendants, the district court entered an order on July 8, 1982, granting summary judgment to defendants as to Count 1. The basis for such judgment was the district court's finding that the hybrid Section 301/unfair representation claims therein were barred by the six-month statute of limitations found in Section 10(b) of the National Labor Relations Act, 29 U.S.C. Section 160(b). In an order entered December 7, 1982, the district court dismissed Count 3 on alternative grounds that the state tort claim therein was preempted by federal labor law and that it failed to meet the state law standards for stating a claim for emotional distress. The district court also remanded Court 2 (the defamation claim) to the state courts for further proceedings. This appeal followed.
 
 
 5
 In DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983), the Supreme Court held the Section 10(b) six-month statute of limitations applicable to hybrid Section 301/unfair representation claims such as found in Count 1 of plaintiff's complaint. In Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc), this Court held the DelCostello decision was to be given retroactive effect. In this case, the parties do not dispute the fact the plaintiff filed her complaint eight months after her cause of action arose, i.e., when Union officials informed her they would not take her grievance to arbitration. Plaintiff does not allege nor does the record suggest any acts by defendants which would have caused the statute of limitations to be tolled. The district court therefore did not err in finding Count 1 time-barred.
 
 
 6
 Although the dismissal of Count 1 eliminated the only claims based directly upon federal law, the district court retained discretionary power to adjudicate the remaining pendent state law claims. Gray v. International Ass'n of Heat & Frost Insulators and Asbestos Workers, Local 51, 447 F.2d 1118, 1120 (6th Cir. 1971); In re Carter, 618 F.2d 1093, 1101 (5th Cir. 1980), cert. denied, 450 U.S. 949 (1981). Neither party raises an issue as to the remand of Count 2 and we need not address that portion of the December 7, 1982, order. Plaintiff argues, however, that Count 3 is not preempted by federal law, states a cause of action under Michigan law, and therefore should have been remanded to the state court with Count 2.
 
 
 7
 The Supreme Court addressed a similar preemption issue in Farmer v. United Brotherhood of Carpenters and Joiners, Local 25, 430 U.S. 290 (1977). In reviewing the possible preemption of a state claim for intentional infliction of emotional distress in an action generally asserting discriminatory practices in a union hiring hall, the Court conducted an inquiry into the federal and state interests in the regulation of the conduct complained of and the potential for interference with federal labor law if the state cause of action were permitted to proceed. The Court found that no federal law protected the plaintiff therein from the 'outrageous conduct' complained of and concluded that permitting the assertion of the state tort action would not result in state regulation of federally protected conduct. The Court cautioned, however, that its holding applied only to allegations of state torts that are 'either unrelated to employment discrimination or a function of the particularly abusive manner in which the discrimination is accomplished or threatened rather than a function of the actual or threatened discrimination itself.' 430 U.S. at 305 (footnote omitted).
 
 
 8
 In this case, the tortious acts specified in plaintiff's complaint all relate to the alleged improper bases for the Company's decisions to order plaintiff to return to work in April, 1980, and to discharge her in November, 1980. Those decisions were properly subject to the grievance procedures under the collective bargaining agreement. Likewise, the alleged tortious acts by the Union all relate to their duty to represent plaintiff fairly under the collective bargaining agreement. As such, these are incidents of the hybrid Section 301/unfair representation claim found in Count 1 rather than the products of a particularly abusive manner of discrimination as required under the Farmer standards. Therefore, the district court did not err in finding Count 3 preempted by federal labor law. See Olguin v. Inspiration Consolidated Copper Co., 740 F.2d 1468, 1475-76 (9th Cir. 1984); Buscemi v. McDonnell Douglas Corp., 736 F.2d 1348, 1351-52 (9th Cir. 1984); Carter v. Sheet Metal Workers' International Ass'n, 724 F.2d 1472 (11th Cir.), cert. denied, ---- U.S. ----, 105 S.Ct. 119, 83 L.Ed.2d 61 (1984); Bell v. Union Carbide Corp., 582 F.Supp. 824 (E.D. Tenn. 1984). In light of this conclusion, we need not address the district court's alternative ground for dismissing Count 3.
 
 
 9
 It is ORDERED that the district court's orders of July 8, 1982, and December 7, 1982, be and they hereby are affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.