**Jeffory A. SMITH, Plaintiff,**

v.

**CAPITOL MANUFACTURING CO., a DIVISION OF HARSCO CORP., Defendant.**

No. C–2–85–379.

United States District Court, S.D. Ohio, E.D.

Nov. 15, 1985.

James W. Rolfes, Sr., London, Ohio, for plaintiff.

James M.L. Ferber, Schottenstein, Zox & Dunn, Cols., Ohio, for defendant.

## OPINION AND ORDER

KINNEARY, District Judge.

This matter comes before the Court to consider defendant's motion to dismiss or, in the alternative, for summary judgment on plaintiff Jeffory A. Smith's claims alleging violations of Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) and wrongful discharge from employment under state law.

## STATEMENT OF THE CASE

The plaintiff was hired by the defendant, Capitol Manufacturing, over ten years ago. He was a member of the International Association of Machinists and Aerospace Workers, Local No. 2306 ("the union") which represented the employees at defendant's West Jefferson, Ohio facility. The plaintiff was laid off as part of a reduction in force on May 23, 1983. At the time of the reduction in force, the employment agreement between the union and defendant stated that employees would not be terminated without just cause. The agreement further provided that an employee must report to work within five (5) *work* days after a receipt of notification by the defendant that he was being recalled to work unless he was sick or physically unable to do so. While the plaintiff was laid off, a new agreement became effective which required the plaintiff to return to work from recall within three *calendar* days after receiving notice. The plaintiff never received a copy of the new agreement.

Plaintiff was notified on Friday, August 12, 1983, that he was to return to work as a Parts Worker No. 4. Plaintiff advised the defendant that he had been taken off that job because of an injury to his back on May 11, 1981 for which he was being compensated by the Industrial Commission of Ohio. The defendant told plaintiff that he would be recontacted concerning his status.

Plaintiff called the defendant on Tuesday, August 16, 1983 and was advised to return to work on Thursday, August 18, 1983. Upon returning to work, plaintiff discovered that he had received a five day suspension. The plaintiff filed a grievance on September 6, 1983 regarding his termination. On October 19, 1983, a meeting between the defendant and the union was held at which time the defendant maintained its position that the plaintiff's termination should stand. Thereafter, pursuant to the terms of the collective bargaining agreement, plaintiff was required to give written notice of an appeal for arbitration of the dispute. Plaintiff failed to provide such notice or to submit his grievance to arbitration.

Plaintiff filed suit on February 5, 1985 in the Court of Common Pleas of Madison County alleging wrongful discharge and discharge in retaliation for filing a worker's compensation claim. The defendant timely removed the suit based upon diversity jurisdiction. This Court held in its Opinion and Order dated June 6, 1985 that removal was proper based upon federal question jurisdiction because the plaintiff had alleged a cause of action falling under Section 301 of the Labor Management Relations Act.

### Section 301 Claims

The defendant moves to dismiss plaintiff's Section 301 claims on grounds that plaintiff failed to exhaust the grievance and arbitration procedures set forth in the collective bargaining agreement. The defendant also asserts that plaintiff's complaint is time-barred by the applicable statute of limitations for bringing a Section 301 claim.

It is well-settled that an employee must attempt to invoke the contractual grievance and arbitration procedure set forth in a collective bargaining agreement prior to instituting suit for breach of the agreement. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652–53, 85 S.Ct. 614, 616–17, 13 L.Ed.2d 580 (1965). However, a discharged employee need not exhaust his or her contractual remedies before bringing a Section 301 action against his employer, "provided that the employee can prove that the union as bargaining agent breached its duty of fair representation in handling of the employee's grievance." *Vaca v. Sipes*, 386 U.S. 171, 186, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967); *Fristoe v. Reynolds Metals*, 615 F.2d 1209, 1214 (9th Cir.1980); *Bell v. Union Carbide Corp.*, 582 F.Supp. 824, 826 (E.D.Tenn.1984); *Voda v. New England Telephone and Telegraph Co.*, 580 F.Supp. 852, 853–54 (D.Mass.1984).

In the present case, it is undisputed that the collective bargaining agreement provided for a grievance and arbitration proce-

dure for the resolution of disputes. Indeed, it is clear from the record that the plaintiff took the initial steps of filing a proper grievance but the grievance was never submitted by the union for binding arbitration as required by the collective bargaining agreement. The plaintiff argues that he should not be precluded from bringing his Section 301 claim because the final steps leading to binding arbitration were within the total control of the union. The Court disagrees.

■ The above authority is clear that an employee may only avoid the necessity of exhausting grievance and arbitration requirements of a collective bargaining agreement by establishing that the union breached its duty of fair representation. 386 U.S. at 186; 582 F.Supp. 826. Accordingly, it is essential that the plaintiff allege that "he has been prevented from exhausting his contractual remedies by the union's *wrongful* refusal to process the grievance." 386 U.S. at 185. Plaintiff has made no such allegation in his pleadings. Consequently, he may not maintain this action under Section 301. Therefore, the Court GRANTS defendant's motion to dismiss plaintiff's breach of collective bargaining claim. Whereas the Court finds that has failed to state a claim upon which relief may be granted under Section 301, it does not reach the question of whether the plaintiff filed this suit within the applicable statute of limitations.

### Plaintiff's State Law Claims

Plaintiff originally brought claims in state court for wrongful discharge and retaliation for filing a worker's compensation claim. The defendant claims that plaintiff's wrongful discharge claim is pre-empted by federal labor law and his worker's compensation claim is time-barred.

■ With respect to the latter claim, the Court first notes that a state cause of action based upon wrongful discharge in retaliation for filing a worker's compensation claim is not necessarily pre-empted by federal law. *See Garbaldi v. Lucky Stores, Inc.*, 726 F.2d 1367 (9th Cir.1984);

*Thomas v. Kroger Co.*, 117 LRRM 2803 (D.W.Va.1978); *Harper v. General Dynamics Corp.*, 117 LRRM 3197 (C.D.Cal. 1984). However, the Court does not reach this issue as it is clear that the plaintiff is barred from asserting his claim by Ohio law.

■ Ohio Revised Code § 4123.90 creates a substantive right to bring an action for wrongful discharge in retaliation for filing a worker's compensation claim. O.R.C. § 4123.90 provides, in pertinent part:

> No employer shall discharge ... any employee because such employee filed a claim or instituted ... any proceeding under the worker's compensation act for an injury ... which occurred in the course of and arising out of his employment with that employer. Any such employee may file an action in the common pleas court ... *Such action shall be forever barred unless filed within one hundred eighty days* immediately following such discharge ... and *no action may be instituted or maintained unless the employer has received written notice of a claimed violation* of this paragraph *within ninety days* immediately following such discharge ... (emphasis added).

It is undisputed that the plaintiff failed to bring a suit within 180 days of his discharge and that he failed to provide notice to the defendant of the alleged violation. Accordingly, the plaintiff may not assert a claim against the defendant under the statute. Nor does it appear that the plaintiff has a cause of action under common law for wrongful discharge in retaliation for filing a worker's compensation claim. Therefore, whereas the plaintiff failed to comply with the terms of O.R.C. § 4123.90, the Court hereby GRANTS defendant's motion to dismiss this claim.

■ Plaintiff's remaining claim of wrongful discharge is based upon state common law. Specifically, the plaintiff claims that he is entitled to relief under the recently emerging promissory estoppel ex-

ception to Ohio's employment "at will" doctrine. *See Mers. v. Dispatch Printing Co.,* 19 Ohio St.3d 100, 483 N.E.2d 150 (1985). The defendant argues that plaintiff's claim for wrongful discharge in this case is preempted by federal labor law.

In its most recent decision involving pre-emption, the U.S. Supreme Court held that a tort claim for bad-faith handling of an insurance claim asserted under Wisconsin law was pre-empted by federal labor-contract law. *Allis-Chalmers Corp. v. Lueck,* — U.S. —, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). The Court stated:

> ... questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by re-labeling their contract claims as claims for tortious breach of contract.

*Id.* at —, 105 S.Ct. at 1911. In the *Allis-Chalmers* case, as in the present action, the parties agreed to resolve labor-management disputes and grievances through an arbitration process and reliance upon a neutral arbitrator. The Supreme Court stated that unless the state tort action was pre-empted:

> [the parties] federal right to decide who is to resolve contract disputes will be lost.

> Since nearly any alleged willful breach of contract can be restated as a tort claim or breach of a good faith obligation under a contract, the arbitrator's role in every case could be by-passed easily if § 301 is not understood to pre-empt such claims. Claims involving vacation or overtime pay, work assignment, unfair discharge—in short, the whole range of disputes traditionally resolved through arbitration—could be brought in the first instance in state court by a complaint in tort rather than contract. A rule that

permitted an individual to sidestep available grievance procedures would cause arbitration to lose most of its effectiveness, [cite omitted] as well as eviscerate a central tenet of federal labor-contract law under § 301 that it is the arbitrator, not the court, who has the responsibility to interpret the labor contract in the first instance.

*Id.* at —, 105 S.Ct. at 1915.

In the present case, the plaintiff argues that the terms of the collective bargaining agreement prohibited discharge except for just cause. Plaintiff further points out that under the terms of the old collective bargaining agreement, he was entitled to five work days before returning to work and was unaware that the requirements had been amended in the new agreement. In the opinion of the Court, plaintiff's claims against the defendant for wrongful discharge clearly arise out of the terms of the collective bargaining agreement and any state law claims are merely incidental to his claim based upon breach of said agreement. Consequently, the proper and exclusive means of resolving his dispute is through the grievance and arbitration procedures established by the collective bargaining agreement. To allow plaintiff to sidestep these procedures by bringing an action under state law would be contrary to the federal policy of resolving labor disputes through arbitration and "would eviscerate the central tenet of federal labor-contract law." 53 LW at 4467. Thus, under these circumstances, the Court concludes that plaintiff's state law claim for wrongful discharge is pre-empted by federal labor law. *See Buscemi v. McDonnell Douglas Corp.,* 736 F.2d 1348, 1350–51 (9th Cir.1984); *Cokley v. Pacific Gas & Electric Co.,* 119 LRRM 3454, 3457 (N.D.Cal.1985); *Harper v. San Diego Transit Corp.,* 764 F.2d 663, 119 LRRM 3161, 3163–64 (9th Cir.1985); *Harrison v. United Postal Service,* 119 LRRM 2163, 2165–66 (C.D.Cal. 1984); *Watts v. Grand Union Co.,* 115 LRRM 4211, 4215–16 (N.D.Ga.1982). Accordingly, defendants' motion to dismiss plaintiff's state law claim alleging wrongful discharge is GRANTED on the grounds

**114**

that plaintiff's claim is pre-empted by § 301 of the Labor Management Relations Act.

WHEREUPON, upon consideration and being duly advised, the Court finds that defendant's motion to dismiss plaintiff's claims is meritorious and it is, therefore, GRANTED. This case is hereby DISMISSED in its entirety.

IT IS SO ORDERED.