**CROSS, Appellant,**

v.

**GERSTENSLAGER COMPANY, Appellee.**

[Cite as *Cross v. Gerstenslager Co.* (1989), 63 Ohio App.3d 827.]

Court of Appeals of Ohio,
Wayne County.

No. 2463.

Decided Aug. 23, 1989.

*William G. Rickett,* for appellant.

*Richard Davies,* for appellee.

REECE, Judge.

On August 29, 1988, plaintiff-appellant, Willie Cross, filed a complaint against defendant-appellee, the Gerstenslager Company, Cross's former employer. Cross alleged that on February 29, 1988, he was discharged in violation of R.C. 4123.90 because he filed a workers' compensation claim. Appellee filed an answer which included several affirmative defenses, but did not assert the defenses of statute of limitations or lack of subject matter jurisdiction.

Appellee moved for dismissal and/or summary judgment on the basis that Cross did not file a ninety-day notice of intent to sue with appellee as required by R.C. 4123.90. Cross filed a memorandum in opposition to summary judgment. The trial court dismissed the complaint because Cross's failure to file the ninety-day notice deprived the trial court of jurisdiction.

Cross, in his single assignment of error, contends that the trial court erred in granting summary judgment based on a lack of jurisdiction. Cross asserts that appellee waived the affirmative defense of the statute of limitations when it was not raised in its initial pleading.

The trial court properly determined that appellee's motion to dismiss and/or for summary judgment should be treated as a motion to dismiss. Civ.R. 12(B) provides that only a motion for failure to state a claim upon which relief can be granted may be treated as a motion for summary judgment if the trial court considers evidence outside the pleadings. Appellee attached two affidavits to his motion. However, whenever a Civ.R. 12(B) motion, other than a Civ.R. 12(B)(6) motion is made, it can be supported or opposed by documentary evidence in testimonial form. See Browne, Ohio Civil Procedure (1987) 399; *Grossi v. Presbyterian Univ. Hosp.* (1980), 4 Ohio App.3d 51, 54–55, 4 OBR 100, 103–104, 446 N.E.2d 473, 476–477. Therefore, since the trial court properly treated appellee's motion as a motion to dismiss, this court will address the assignment of error as to the motion to dismiss.

Civ.R. 12(B) provides in pertinent part:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counter-claim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. * * *"

Cross contends that appellee has waived the right to assert a statute of limitations defense. Cross asserts that where the affirmative defense of statute of limitations is not pleaded pursuant to Civ.R. 12(B), or in a responsive pleading pursuant to Civ.R. 8(C), or by amendment under Civ.R. 15, the defense is waived under Civ.R. 12(H), citing *Mills v. Whitehouse Trucking Co.* (1974), 40 Ohio St.2d 55, 69 O.O.2d 350, 320 N.E.2d 668, syllabus.

However, the trial court held that the motion to dismiss was granted because the common pleas court had no jurisdiction. By analogy, in cases involving administrative appeals, a right which is conferred by statute can be perfected only in the mode prescribed by statute. *Zier v. Bur. of Unemp. Comp.* (1949), 151 Ohio St. 123, 38 O.O. 573, 84 N.E.2d 746; *Fineberg v. Kosydar* (1975), 44 Ohio St.2d 1, 73 O.O.2d 1, 335 N.E.2d 705; *Todd v. Gaines* (1975), 44 Ohio St.2d 56, 73 O.O.2d 282, 337 N.E.2d 790; *Ryan v. Andrews* (1976), 50 Ohio App.2d 72, 4 O.O.3d 49, 361 N.E.2d 1086. R.C. 4123.90 provides in part that:

"No employer shall discharge, demote, reassign, or take any punitive action against any employee because such employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer. * * * Such action shall be forever barred unless filed within one hundred eighty days immediately following such discharge, demotion, reassignment, or punitive action taken, and no action may be instituted or maintained unless the employer has received written notice of a claimed violation of this paragraph within the ninety days immediately following such discharge, demotion, reassignment, or punitive action taken."

Compliance with the time of filing, the place of filing, and the content of the notice as specified in the statute are all conditions precedent to jurisdiction. *Smith v. Capitol Mfg. Co.* (S.D.Ohio 1985), 626 F.Supp. 110.

Cross did not notify appellee in writing of the claimed violation of R.C. 4123.90 within the ninety days following his discharge.

Lack of subject matter jurisdiction may be raised at any stage of the proceedings, although not previously asserted in the action, including raising it for the first time on appeal. See *Fox v. Eaton Corp.* (1976), 48 Ohio St.2d 236, 238, 2 O.O.3d 408, 409, 358 N.E.2d 536, 537; *State, ex rel. Lawrence Development Co., v. Weir* (1983), 11 Ohio App.3d 96, 11 OBR 148, 463 N.E.2d 398. A failure to file the written notice of a claimed violation of R.C. 4123.90 within ninety days of discharge is a jurisdictional defect. Subject matter jurisdictional defects cannot be waived by either party, and when called to the attention of the court, the court shall dismiss the action. *Ryan v. Andrews, supra,* 50 Ohio App.2d at 75, 4 O.O.3d at 50–51, 361 N.E.2d at 1088–1089.[1]

For the foregoing reasons, Cross's assignment of error is not well taken, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

CACIOPPO, P.J., concurs.

QUILLIN, J., dissents.

QUILLIN, Judge, dissenting.

I cannot agree that the time limitations contained in R.C. 4123.90 are jurisdictional. Rather than being jurisdictional, the time limitations are an integral element of the right of action and must be proven. Therefore, I must dissent.

In considering the Ohio wrongful death statute (now R.C. 2125.01 *et seq.*), which contains a similar time bar, the Supreme Court in *Sabol v. Pekoc* (1947), 148 Ohio St. 545, 552, 36 O.O. 182, 185, 76 N.E.2d 84, 88, ruled that the time limitation "expresses an integral element of the right of action itself and if an action is not brought within two years from the death of the decedent it must fail, not because a statute of limitations provides the time within which it must be brought but because the time limit is the very essence of the action. * * *" The court held that the petition did not state a cause of action because an essential element of the action as established by the statute was missing.

The action of Cross may fail because of lack of proof on an essential element (time), but not for want of jurisdiction.

---

1. Under a July 1, 1983 amendment to Civ.R. 12, Civ.R. 12(H)(2) has been renumbered and is now Civ.R. 12(H)(3), but remains identical to previous Civ.R. 12(H)(2).