JOURNAL ENTRY and OPINION
Appellant John Potelicki appeals a decision by the trial court granting summary judgment in favor of appellee Textron Inc. in his workers' compensation retaliation action. Potelicki assigns the following three errors for our review:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY DISMISSING HIS CASE PURSUANT TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
 THERE IS A DISPUTED QUESTION OF FACT FOR TRIAL ON ALL ISSUES RELEVANT.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FINDING THAT THE APPELLANT COULD NOT PROVE A PRIMA FACIE CASE OF WORKER'S COMPENSATION RETALIATION PER R.C. SECTION 4123.90.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FINDING THAT THE APPELLANT'S CASE WAS TIME-BARRED.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On February 19, 1998, Potelicki filed a complaint against his former employer, Textron Inc. and his union, UAW Local 2562, alleging ERISA discrimination, ERISA fiduciary breach, unfair representation, wrongful termination, and handicap discrimination. Potelicki alleged that he was injured on the job in 1990 and again in 1991. Potelicki alleged that after he obtained workers compensation benefits for his injury, he was laid off from employment by Textron in January 1992.
Pursuant to the collective bargaining agreement between Potelicki's union and Textron, Potelicki remained on layoff status for 48 months. After that time, in January 1996, his recall rights expired and he was officially terminated.
Shortly thereafter, Potelicki filed a grievance through his union. In a letter dated February 12, 1996, union president Ronald Sternot wrote to Textron's Human Resources Manager Edward Zunic asking that Potelicki be reinstated because there were positions available at Textron that Potelicki could perform with his physical limitations. In April of 1997, Potelicki submitted a handwritten letter of qualifications expressing an interest in returning to work at Textron. Shortly thereafter, Potelicki phoned Zunic to ask about possible employment. During the conversation, Zunic told Potelicki that he could not hire him because his doctor had not yet released him to return to work.
On October 15, 1997, Potelicki filed a complaint in federal court alleging ERISA discrimination, ERISA fiduciary breach, unfair representation, wrongful termination, and handicap discrimination. As part of the discovery in that case, on June 29, 1998, Potelicki took the deposition of Edward Zunic who discussed Textron's decision not to rehire Potelicki.
 Q: [W]ouldn't it be fair to say you just summarily made the conclusion we're not going to hire John Potelicki in the spring of 1998 because doctor says he's got lifting restrictions? Is that what it came down to? * * *
 A: We the decision was made not to rehire him based upon the fact that we had extensive amount of litigation from Mr. Potelicki.
(Zunic Depo. at 14.)
Potelicki also took the deposition of Ronald Sternot in which he testified that there were jobs available at Textron that Potelicki could perform with his physical limitations. On June 29, 1998, Potelicki's counsel sent a letter to Textron informing them of Potelicki's intent to file a workers' compensation retaliation action.
 In light of the recent depositions conducted by Plaintiff, it is clear that your client admitted that it has refused to rehire the Plaintiff because of his participation in workers compensation litigation after he was laid off. Accordingly, it is our duty to inform you as your client's agent that we intend to pursue this new matter by way of an Amended Complaint alleging this newly discovered evidence.
(Letter of 6/29/1998 from Michael Conway to Michael Moody.)
On August 20, 1998, Potelicki filed a complaint against Textron in common pleas court alleging workers' compensation retaliation. The complaint alleged that Textron admitted through its agent, Edward Zunic, that it failed to rehire Potelicki because of his participation in filing workers' compensation claims against Textron. The complaint also alleged that Textron had currently available jobs at Textron that Potelicki could perform with his current physical limitations. The complaint further alleged that Potelicki suffered lost equal employment opportunity, lost wages, lost ERISA benefits, and other damages. The complaint sought $10,000,000.00 in damages.
In its answer to Potelicki's complaint, Textron averred that there have been no vacancies at Textron for which Potelicki was qualified. Textron also raised several affirmative defenses failure to state a claim upon which relief can be granted, failure to follow statutory requirements for maintaining the cause of action, expiration of the applicable statute of limitations, failure to mitigate his damages, waiver, estoppel, and unclean hands.
On January 27, 1999, a decision was rendered in Potelicki's federal case against Textron. The federal court granted summary judgment in favor of Textron on Potelicki's handicap discrimination claims.
Thereafter, Textron amended its answer to add the affirmative defenses of res judicata and issue preclusion. On June 11, 1999, Textron filed a motion for summary judgment, alleging that Potelicki's R.C. 4123.90 claim against Textron was untimely, and that because the federal court determined that Potelicki could not have been rehired because his doctor had not cleared him to return to work, Potelicki failed to establish a prima facie case of workers' compensation retaliation or pretext.
Attached to the motion for summary judgment was an affidavit by Edward Zunic which contained the following statements:
 Textron was unable to rehire Mr. Potelicki because his doctor had not released him to perform work available at the plant. Because Mr. Potelicki's reported condition has remained unchanged, any job inquiries by Mr.
 Potelicki have resulted in Textron's refusal to rehire him.
In response to the summary judgment motion, Potelicki argued that the deposition testimony of Edward Zunic constituted direct evidence of workers' compensation retaliation. He further argued that, during his deposition, Zunic admitted that Textron had hired people from outside the company during the time when Zunic sought re-employment. He also argued that, according to Sternot, there was work at Textron that Potelicki could perform with his disability. Potelicki argued that Zunic's attempt to contradict his earlier deposition testimony through an affidavit precluded the entry of summary judgment. Potelicki also argued that the suit was timely because the complaint was filed within 180 days after Textron's punitive action of failing to offer him employment for which he was qualified. Potelicki cited a Spring 1998 conversation with Zunic about an inspection job at Textron. At his deposition, Zunic stated that Potelicki called him about several machining and inspection jobs at Textron that were advertised in the paper.
Potelicki also argued that the defenses of res judicata and collateral estoppel were not viable defenses to his complaint. He argued that the issue of workers' compensation retaliation was not before the court in the federal case. He also argued that, because he presented direct evidence of workers' compensation retaliation through Zunic's deposition testimony, he need not show pretext. Potelicki alleged that his doctor cleared him to return to work, albeit with restrictions on the amount of weight he could lift, as early as 1994.
In a reply brief, Textron disputed Potelicki's claim that he spoke to Zunic in 1998 about obtaining reemployment at Textron, arguing that the conversation actually took place in 1997. In any event, Textron argued that Potelicki admitted in his deposition that, as early as April or May 1997, he believed Textron was discriminating against him because he filed for workers' compensation benefits. This knowledge, Textron argued, triggered the running of the statute of limitations.
Textron also argued that the federal court decision had a preclusive effect on Potelicki's state claims. Textron argued that the federal court's determination that Potelicki could not have been rehired because his doctor had not yet released him for work was binding upon him in the state court case. Finally, Textron argued that Potelicki failed to establish a prima facie case of workers' compensation retaliation because he failed to establish that he was physically able to safely and substantially perform the functions of the jobs available at Textron. Textron challenged Sternot's testimony that there were jobs at Textron that Potelicki could perform, arguing that Sternot was not a doctor and admitted having only a general understanding of Potelicki's physical condition. Attached to the reply brief was a July 31, 1998 letter from Dr. D.R. Lewis, a practitioner in occupational and environmental medicine, who toured the Textron facility and opined that he did not observe any job that can be safely and effectively performed using only the left hand. I do not believe that his limitation can be reasonably accommodated. (See Exh. 2(A) to Textron's reply brief.)
Textron also argued that because Textron set forth legitimate, non-retaliatory reasons for not rehiring Potelicki, Potelicki bore the burden of establishing that Textron's reasons were pretextual.
Textron argued that Zunic's deposition testimony was taken out of context. They also argued that Zunic also testified during the same deposition that he believed Potelicki was not qualified for the open positions at Textron.
In a half-sheet journal entry dated October 4, 1999, the trial court granted Textron's motion for summary judgment, concluding that Potelicki's claims were time-barred under R.C. 4123.90 and that Potelicki failed to establish a prima facie case of workers' compensation retaliation. This appeal followed.
Because we find it to be determinative of the issues raised in this appeal, we will first address Potelicki's third assignment of error. Potelicki argues the trial court erred in finding that his claim was not timely filed. The statute of limitations for workers' compensation retaliation actions is set forth in R.C. 4123.90 which provides:
 No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer. * * * The action shall be forever barred unless filed within one hundred eighty days immediately following the discharge, demotion, reassignment, or punitive action taken, and no action may be instituted or maintained unless the employer has received written notice of a claimed violation of this paragraph within the ninety days immediately following the discharge, demotion, reassignment, or punitive action taken.
Potelicki argues that the last punitive action taken against him was Zunich's Spring 1998 statement that Potelicki could not be hired because he had not yet received medical clearance. Textron argues that Potelicki's claim was time barred because he did not give Textron notice of his intent to file a claim within ninety days of the date of his discharge or, at the latest, within ninety days after his April 1997 discussions with Zunich. Potelicki stated that, after those discussions, he believed that Textron's refusal to rehire him was due to his claim for workers' compensation benefits.
However, generally, the punitive action which forms the basis for an R.C. 4123.90 claim cannot occur subsequent to an unequivocal discharge. Browning v. Navistar Intl. Corp. (7/24/90), Franklin App. No. 89AP-1081, unreported, citing Harvey v. Capital Fire Protection Co. (Aug. 27, 1985), Franklin App. No. 85AP-494, unreported.
In Harvey, the court acknowledged that, when an employer repeatedly refuses to allow an employee to return to work after receiving workers' compensation, each subsequent refusal may form the basis of an R.C. 4123.90
action as long as the employee remains an employee of the defendant employer. The court stated that once the employee has been unequivocally discharged, the denial of a subsequent request to return to work would not constitute further punitive action against him. Id.
It is undisputed that Potelicki was terminated from his employment at Textron on January 13, 1996 when his recall rights expired. Accordingly, in order for his R.C. 4123.90 action to be timely, Potelicki had to notify Textron of his intent to sue within ninety days of that date. Potelicki's intent-to-sue letter was not sent until June 29, 1998 and was therefore, untimely. Because Potelicki failed to timely send Textron an intent-to-sue letter, the trial court lacked jurisdiction to entertain his subsequent complaint. As this court held in Miller v. Premier Industrial Corp. (Mar. 16, 2000), Cuyahoga App. No. 75102, unreported, the failure to give the employer written notice of a claimed violation of R.C. 4123.90 within 90 days is a jurisdictional defect, and the action must be dismissed. Miller, citing Longacre v. Penton Publishing Co. (June 24, 1993), Cuyahoga App. No. 62967, unreported; Barringer v. The Kroger Co. (Feb. 23, 1996), Wood App. No. WD-95-088, unreported, Cross v. Gerstenslager Co. (1989), 63 Ohio App.3d 827, 830, 580 N.E.2d 466, 467, jurisdictional motion overruled (1989), 47 Ohio St.3d 708, 547 N.E.2d 992. Because Potelicki's intent-to-sue letter was not timely sent, the trial court properly dismissed his complaint.
We also reject Potelicki's argument that the discovery rule applies to toll the statute of limitations in this case. Potelicki argues that his complaint was timely filed because it was filed within 180 days after he learned from Zunich's deposition that he was discharged for filing workers' compensation claims. However, Ohio courts have refused to apply the discovery rule in R.C. 4123.90 cases. See Gleich v. J.C. Penney Co., Inc (Aug. 8, 1985), Franklin App. No. 85AP-276, unreported. (A discovery rule should not be engrafted upon the statutory rights set forth in R.C.4123.90 which contains its own statutory limitation provision within the right created.) See, also, Jackson v. Central Ohio Transit Auth. (Oct. 9, 1986), Franklin App. No. 86AP-459, unreported; Griffith v. Allen Trailer Sales (Oct. 18, 1984), Lorain App. No. 3630, unreported. (We decline to judicially rewrite an element of a cause of action created and limited by statute.) The statute of limitations began to run on January 13, 1996, when Potelicki's employment was terminated. His complaint was not filed within 180 days of that date and is, therefore, untimely. Accordingly, the trial court properly granted summary judgment in favor of Textron.
Because we find that Potelicki's action was time-barred, we need not address his remaining assignments of error. The judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and LEO M. SPELLACY, J., CONCUR.
 __________________________ PATRICIA ANN BLACKMON JUDGE